UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY LEE EVANS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:03CV845 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Johnny Lee Evans' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed June 19, 2003. (Doc. No. 1). The matter is fully briefed and ready for disposition.

**BACKGROUND**

By way of background, a federal grand jury indicted Movant Johnny Lee Evans ("Movant"), along with fourteen other Defendants, for conspiracy, money laundering, and violations of the Mann Act. (Government's Response to Petitioner Johnny Lee Evans' Motion pursuant to Title 28 U.S.C. § 2255 ("Government's Response"), P. 1). In the multiple count Indictment returned on January 6, 2000, Movant was named in Count 1 (conspiracy relating to interstate transportation of individuals for purpose of prostitution, in violation of 18 U.S.C. § 371); Count 20 (money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(I)); Count 44 (money laundering conspiracy, in violation of 18 U.S.C. § 1956(h)); and Count 45 (criminal forfeiture, pursuant to 18 U.S.C. § 982). (§ 2255 Motion, ¶ 3). Movant entered a plea of not guilty as to all charges on January 7, 2000. (Id., ¶ 4).

Movant's case proceeded to trial before this Court on March 6, 2000. (§ 2255 Motion, ¶ 5). On March 28, 2000, after fourteen days of trial, the jury convicted Movant and his co-Defendants

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

on all counts of the Indictment. (Id.). The Government filed a Motion for Upward Departure from Sentencing Guidelines on May 17, 2000, and Movant filed objections to the Presentence Investigation Report and the Government's Motion for Upward Departure on June 5, 2000, and June 1, 2000, respectively. (Id., ¶¶ 6, 7). On July 18, 2000, the Court granted Movant's objections to the Presentence Investigation Report in part, granted the Government's Motion for Upward Departure, and sentenced Movant as follows: a term of 60 months imprisonment on Count 1; and 151 months on each of Counts 20 and 44, to run concurrently with each other, but consecutively to the sentence on Count 1, for a total period of imprisonment of 211 months. (Id., ¶ 8).

On July 25, 2000, Movant's appointed counsel filed a Notice of Appeal with the Eighth Circuit Court of Appeals. (§ 2255 Motion, ¶ 9). The Eighth Circuit affirmed Movant's conviction and sentence on November 27, 2001. United States v. Evans, 272 F.3d 1069 (8th Cir. 2001), cert. denied, 537 U.S. 857 (2002).

As stated above, Movant filed the instant § 2255 Motion on June 19, 2003. In his motion, Movant presents the following grounds for relief:

      (1)     Ineffective Assistance of Counsel–Failure to Investigate and Call Witnesses;

      (2)     Ineffective Assistance of Counsel–Failure to Object to Jury Instructions;

      (3)     Ineffective Assistance of Counsel–Sentencing Errors;

      (4)     Constitutionally Defective Sentence; and

      (5)     Constitutionally Defective Conviction.

(§ 2255 Motion, PP. 4-13).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

### I. Ineffective Assistance Of Counsel

As stated above, in his § 2255 Motion Movant maintains he received ineffective assistance of counsel, in that counsel (1) failed to investigate and call defense witnesses; (2) failed to object to allegedly erroneous jury instructions; and (3) committed several sentencing errors. (§ 2255 Motion,

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

- 3 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

PP. 4-12).[2] In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

With these standards in mind, the Court turns to a discussion of Movant's claims of ineffective assistance of counsel.

### A.  Ground 1

In Ground 1 of his § 2255 Motion, Movant maintains he was denied effective assistance of counsel in violation of the Sixth Amendment, in that counsel failed to investigate and call defense witnesses. (§ 2255 Motion, PP. 4-6). Specifically, Movant alleges as follows:

21.   [Movant] requested that his trial counsel undertake certain investigation in connection with the defense of the case. [Movant] provided what information he had to trial counsel regarding the additional investigation, but because he

---

[2] Although Movant did not raise his claims of ineffective assistance of counsel on direct appeal, they are not subject to procedural default, as they could not have been raised on direct appeal. See United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (internal quotations and citation omitted) ("An ineffective assistance of trial counsel claim is usually not cognizable on direct appeal because facts outside the record generally need to be developed to resolve the claim.").

- 4 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

was incarcerated pretrial, relied upon counsel to undertake the necessary investigation. Specifically, counsel failed to obtain witnesses and records disputing the government's claim that he had placed large amounts of money as down payments for the purchase of two automobiles and failed to investigate allegations that government witness Sherry Berndt received undisclosed payments and offers of payment from the government in return for her testimony. Counsel also refused to call Shelly Kruse who was willing to testify in contravention of the testimony of several government witnesses. Finally, both trial and appellate counsel failed to investigate or raise [Movant's] claim to them that he had demanded a speedy trial at his initial appearance and that his right to a speedy trial had been violated.

(§ 2255 Motion, ¶ 21). Movant further alleges that, "[a]mong the issues affected by the failure to investigate and call witnesses was the defense of the money laundering conspiracy charges relating to the alleged expenditure of considerable sums for the purchase of two cars, [Movant's] lack of intent to act in concert with the other conspirators particularly in regards to the use of force, his relationship with and background of the prostitute witnesses called to testify against him, and sentencing issues." (Id., ¶ 24).

Upon consideration, the Court finds that Movant's first ground for relief fails both prongs of the Strickland test. With respect to the deficiency prong, as noted above, under Strickland counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. In the instant case, the Government offers by way of response to Movant's claim an Affidavit from Movant's trial counsel, Mr. Brad Dede, in which Mr. Dede testifies in relevant part as follows:

4. I was appointed to represent Johnny Lee Evans in this criminal case.

5. I investigated this case and discussed possible witnesses, defenses, and evidence with the defendant. The defendant was not aware of any witnesses that could be of assistance to his case. We both discussed the possibility of calling Shelly Kruse as a witness. The defendant advised me that he did not want to involve her in the trial and we both felt that Shelly Kruse would ultimately be detrimental to his case.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> 6. Through cross examination I tried to advance the defense that Shelly Kruse was acting on her own and that the defendant lived and traveled with her in a paramour relationship. I further advanced the defense that if Kruse was a prostitute that she and the defendant acted on their own independent of the rest of the family. The defendant concurred in this trial strategy.
>
> 7. I investigated any benefits or consideration that was offered to Sherry Berndt and received discovery as to these issues....
>
> 9. As part of my investigation I looked into the financial aspects of this case. I offered into evidence exhibits that purported to document gainful employment as well as a home life consistent with my theory of defense.

(Government's Response, Exh. A). Movant offers no response to the Affidavit, and further fails to offer the names of any allegedly favorable witnesses Mr. Dede failed to contact.[3] Under these circumstances, the Court finds Movant's trial counsel's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and thus his performance was not constitutionally deficient.

Further, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. As noted above, Movant offers a list of issues allegedly affected by counsel's failure to investigate and call witnesses. (§ 2255 Motion, ¶ 24). Movant fails to delineate, however, the manner in which trial strategy with respect to any of those issues would have been affected by further investigation. Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, Strickland, 466 U.S. at 694, and so Ground 1 of his § 2255 Motion must be denied.[4]

---

[3] With respect to Ms. Kruse, Movant fails to describe the allegedly favorable testimony she would have provided, had she been called as a witness.

[4] With respect to Movant's Speedy Trial Act claim, this Court entered an order finding that the ends of justice were best served by setting this case for trial beyond the limits set by the Speedy Trial Act. Any objection lodged by Movant's trial or appellate counsel would therefore have been overruled.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

B. **Ground 2**

In Ground 2 of his § 2255 Motion, Movant contends he was denied effective assistance of counsel in violation of the Sixth Amendment, in that counsel failed to object to several allegedly erroneous jury instructions. (§ 2255 Motion, PP. 6-10). The Court will address each contention in turn.

1. **Instruction No. 43**

In Ground 2, Movant first alleges counsel was ineffective for failing to object to Instruction No. 43. (§ 2255 Motion, PP. 6-7). Specifically, Movant maintains the instruction, a supplemental instruction on money laundering, understated the Government's burden of proof, by informing the jury that it was not necessary for the Government to prove that commerce was actually affected by the alleged money laundering activities. (Id., ¶ 30).

Movant's co-Defendant, Derry Evans, raised this issue on direct appeal, and the Eighth Circuit denied the claim in as follows:

> The District Court gave instruction number 43, a supplemental instruction on money laundering based on Eighth Circuit Model Jury Instruction 6.18.1956J. That instruction omitted the necessity of finding an effect on interstate commerce. After failing to object below, Derry Evans now argues that the District Court committed plain error by giving the model instruction.
>
> On plain-error review, we have discretion to reverse only if there is an error that is obvious and that affects a defendant's substantial rights. *United States v. Campa-Fabela*, 210 F.3d 837, 840 (8th Cir.2000), *cert. denied*, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 662 (2001). Even in such circumstances, we should not exercise our discretion to correct forfeited error "unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citations omitted).
>
> The jury instruction reads as follows:
>
> *It is not necessary for the government to show* that a defendant actually intended or anticipated an effect on interstate commerce, *or that commerce was actually affected*. All that is necessary is that the natural and probable

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> consequences of a defendant's actions would be to affect interstate commerce no matter how minimal.

Brief of Derry Evans at 11a (jury instruction number 43) (emphasis added); Judicial Committee on Model Jury Instructions for the Eighth Circuit, Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 6.18.1956J (2000) (modified).

Derry Evans argues that the instruction erroneously permitted the jury to find him guilty of money laundering even if the transaction at issue--the purchase of an automobile from a used-car dealer in Missouri--arguably did not affect interstate commerce. He cites to *United States v. Aramony*, 88 F.3d 1369, 1387 (4th Cir.1996), *cert. denied*, 520 U.S. 1239, 117 S.Ct. 1842, 137 L.Ed.2d 1046 (1997), for the proposition that the giving of an instruction that negates the need for the jury to find an essential element of the offense causes structural constitutional error that automatically requires reversal. The government contends that this instruction was not reversible error because, taken as a whole, the instructions made clear that to convict, the jury must find at least a minimal effect on interstate commerce.

The government's position is untenable. The express language of the instruction informed the jury that it was not necessary to find that Derry Evans's transactions affected interstate commerce to convict him of money laundering under 18 U.S.C. § 1956(a). Thus, the instructions were reasonably likely to have understated the government's burden of proof.

There is no doubt that the model instruction is incorrect. An effect on interstate commerce is an essential element of the offense of money laundering. See 18 U.S.C. § 1956(c)(4). The question remains, however, whether an instruction that eliminated the necessity of a jury finding of that element constituted plain error in this case. A jury instruction that omits a single element of the offense can be subject to harmless error review. *Neder v. United States*, 527 U.S. 1, 8-9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (distinguishing cases involving omission of single instruction from cases in which "a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence ... and no criminal punishment may be regarded as fundamentally fair.") (quoting *Rose v. Clark*, 478 U.S. 570, 577-78, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986)); see also *United States v. Ben M. Hogan Co.*, 809 F.2d 480, 481 (8th Cir.), *cert. denied*, 484 U.S. 822, 108 S.Ct. 84, 98 L.Ed.2d 46 (1987) (deciding that jury instruction giving conclusive evidentiary presumption of effect on interstate commerce can be harmless error and finding that "because the evidence was so dispositive of the issue of effect on interstate commerce, we can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the conclusive presumption" that interstate commerce was affected).

Other circuits have held that a court's giving erroneous instructions virtually identical to the one given here does not create reversible error. See *United States v. Owens*, 167 F.3d 739, 755 (1st Cir.), *cert. denied*, 528 U.S. 894, 120 S.Ct. 224, 145

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

L.Ed.2d 188 (1999) (holding that giving of instruction virtually identical to Model Jury Instruction 6.18.1956J was not plain error because substantial evidence supported effect on interstate commerce); *United States v. Allen*, 129 F.3d 1159, 1164 (10th Cir.1997) (holding that when evidence establishing effect on interstate commerce is "overwhelming and essentially uncontroverted" omission of element from jury instruction is not reversible error). *Cf. United States v. Ables*, 167 F.3d 1021, 1030 (6th Cir.), *cert. denied*, 527 U.S. 1027, 119 S.Ct. 2378, 144 L.Ed.2d 781 (1999) (holding that parties' stipulation that designated financial institution "was engaged in activities which affected in some way or degree interstate commerce" sufficed to establish interstate-commerce nexus, despite erroneous jury instruction).

We hold that the error was harmless. Underlying the charge for money laundering was the allegation that Derry Evans used proceeds generated from prostitution to purchase a used car. Derry disputes only that the purchase had any effect on interstate commerce. But--as was discussed previously--the purchase of a car necessarily has an effect on interstate commerce.[5] Therefore, the erroneous jury instruction was not plain error.

United States v. Evans, 272 F.3d at 1080-82 (footnote omitted).

Upon consideration of the foregoing, the Court finds that, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. As noted above, the Eighth Circuit Court of Appeals held in connection with Derry Evans' appeal that the giving of the erroneous instruction was not only not plain error, it was actually harmless error, in light

---

[5] With respect to whether Derry Evans' purchase of a used car had any effect on interstate commerce, the Eighth Circuit previously held as follows:

> [I]t is clear that the purchase itself had an effect on interstate commerce. To come under the statute, the purchase need only "in any way or degree affect [ ] interstate ... commerce." 18 U.S.C. § 1956(c)(4). Derry bought a car titled in the state of Illinois from a Missouri dealer, and then completed a Missouri application for title. More important, the transaction--the purchase of an automobile from a commercial used car dealer--is sufficient, by itself, to have an effect on interstate commerce. *Cf. Russell v. United States*, 471 U.S. 858, 862, 105 S.Ct. 2455, 85 L.Ed.2d 829 (1985) (stating that rental of real estate is unquestionably activity that affects interstate commerce); *United States v. Westbrook*, 119 F.3d 1176, 1192 (5th Cir.1997) (holding that purchase of two cars with proceeds from cocaine sale affects interstate commerce), *cert. denied*, 522 U.S. 1119, 118 S.Ct. 1059, 140 L.Ed.2d 121 (1998).

United States v. Evans, 272 F.3d at 1080.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of the evidence presented at trial. United States v. Evans, 272 F.3d at 1082. The same reasoning holds true for Movant here, as it is clear that the transactions that formed the basis for his money-laundering convictions, including the purchase of luxury vehicles used in the prostitution business and the purchase of real estate, did in fact affect interstate commerce. See United States v. Evans, 285 F.3d 664, 670-71 (8th Cir. 2002), cert. denied, 537 U.S. 1196 (2003). Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, and so Ground 2(1) of his § 2255 motion must be denied.

### 2. Instruction No. 31

Movant next alleges counsel was ineffective for failing to object to Instruction No. 31. (§ 2255 Motion, PP. 7-9). Specifically, Movant asserts as follows:

> 35. The District Court also gave the Instruction No. 31, tendered by the government. This instruction provided that the jury could convict co-defendants of substantive Mann Act counts if it found that he "knowingly persuaded, induced, enticed or *coerced*" [emphasis added] an individual to travel in interstate commerce for the purpose of prostitution.
>
> 36. The indictment in the case, however, charged only that co-defendants "persuaded, induced and enticed" individuals to travel in interstate commerce for the purpose of prostitution in connection with the Mann Act violations. Instruction No. 31 thus created a variance between the crime charged in the indictment and the instruction to the jury as to the elements needed to convict [Movant]. This variance was of critical significance in the case generally because of both the Rule 404(b) evidence of the gang rape of Ms. Madison and the government's emphasis throughout the trial and in closing arguments on the element of coercion. The erroneous instruction was of significance to [Movant] because he was charged with conspiring with his co-defendants in committing the alleged substantive Mann Act violations.

(§ 2255 Motion, ¶¶ 35, 36).

Movant's co-Defendant, Derry Evans, raised this issue on direct appeal, and the Eighth Circuit Court of Appeals denied the claim as follows:

> Derry Evans was convicted under 18 U.S.C. § 2422(a), which states that whoever knowingly "persuades, induces, entices, or coerces" an individual to travel

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in interstate commerce to engage in prostitution, violates that section. However, his indictment charged only that he knowingly "persuaded, induced and enticed" an individual to travel in interstate commerce, omitting the reference to coercion. The Court's jury instruction reinstated the coercion element not charged in the indictment, asking whether the defendant "persuaded, induced, enticed, or coerced" an individual to travel in interstate commerce. Derry argues that by submitting evidence on coercion and inserting the coercion element into the instruction, the government and the District Court constructively amended the indictment in violation of the Fifth Amendment. Because Derry failed to object to the instruction, our review is for plain error. There is none. Adding "coerced" to the instruction had no effect on the case other than, perhaps, to raise the government's burden of proof. If the jury found Derry to have violated the statute by coercing his victims to travel in interstate commerce, then he necessarily induced them to do so.

United States v. Evans, 272 F.3d at 1083-84.

Upon consideration of the foregoing, the Court finds that, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. While the Eighth Circuit framed its discussion in terms of "plain error," its holding in effect constituted a finding of harmless error; in other words, the appellate court found that, if anything, the erroneous instruction raised the Government's burden of proof, and thus, "[i]f the jury found Derry to have violated the statute by coercing his victims to travel in interstate commerce, then he necessarily induced them to do so." United States v. Evans, 272 F.3d at 1084. The same reasoning holds true for Movant here, and Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error. Ground 2(2) is denied.

### 3. Mann Act Instruction

Movant next alleges counsel was ineffective for failing to object to the Mann Act Instruction. (§ 2255 Motion, PP. 9-10). Specifically, Movant asserts as follows:

41. The district court also gave an instruction, tendered by the government, as to the substantive Mann Act violations which failed to identify the alleged victims transported in interstate commerce. Transportation of an individual in interstate commerce is an essential element of each of these counts. This instruction resulted in substantial jury confusion as to who the victims were for the various Mann Act violations alleged in the indictment. This confusion
PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> was reflected in a number of questions regarding the various prostitutes and with whom they were associated. Although [Movant] was not named in the substantive Mann Act violations, the confusion as to who the victims were impacted on [Movant's] conviction of Count 1, which was dependent on the government's proof as to with whom [Movant] conspired to commit the substantive violations.

(§ 2255 Motion, ¶ 41).

Upon consideration, the Court finds that with this claim, Movant fails to demonstrate his attorney's performance was deficient, as required by Strickland. As noted above, under Strickland counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. In the instant case, the Government responds to Movant's claim as follows:

> Evans further contends that counsel was ineffective for failing to object to the verdict director instructions because they did not identify the victims by name. None of the [six experienced] trial counsel objected to these instructions. Prior to closing argument, the government proposed to present a summary chart to the jury which would identify the defendant, the count and the victim. This was soundly opposed by all trial counsel and was excluded. This discussion occurred before the court but was never taken down by the court reporter.

(Government's Response, PP. 5, 6). The Government's account is verified through Mr. Dede's Affidavit, which states in relevant part as follows:

> 8. All counsel consulted on jury instruction. We all agreed that as a matter of trial strategy to not object to the jury instructions that failed to identify the victims. We felt that lack of clarity was of a benefit to the defense. The Government offered a chart that would identify each count by defendant, date, victim and statutory violation. Counsel objected to the chart and the court would not allow the Government to use it.

(Government's Response, Exh. A). Under these circumstances, the Court finds Movant's trial counsel's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and thus his performance was not constitutionally deficient. Ground 2(3) is denied.

**C.** **Ground 3**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In Ground 3 of his § 2255 Motion, Movant contends he was denied effective assistance of counsel in violation of the Sixth Amendment, in that counsel committed several sentencing errors. (§ 2255 Motion, PP. 10-12). The Court will address Movant's contentions in turn.

### 1. **Organizer/Leader Enhancement**

In his first claim of ineffective assistance of counsel due to sentencing error, Movant alleges as follows:

> 48. The Presentence Investigation Report, adopted by the district court, assessed [Movant] a four level enhancement for being an organizer or leader pursuant to U.S.S.G. § 3B1.1(a). Not only was there no factual basis for the application of this enhancement, but as a result of the probation officer's application of multiple victim calculations, the enhancement was applied as to each alleged victim of the conspiracy count, but each of the substantive counts. This resulted in double counting.

(§ 2255 Motion, ¶ 48).

Upon consideration, the Court finds that Movant's claim for relief fails both prongs of the Strickland test. With respect to the deficiency prong, in its response the Government notes that Movant's trial counsel did in fact object to the four-level enhancement pursuant to U.S.S.G. § 3B1.1. (Government's Response, P. 7, citing Sentencing Transcript II at 11-12). Under these circumstances, the Court finds Movant's trial counsel's actions clearly fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and thus his performance was not constitutionally deficient.

Further, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. Movant raised the issue of the organizer enhancement on direct appeal, and the Eighth Circuit denied the claim as follows:

> Johnny Lee next argues, like Derry, that the District Court erred in enhancing his base offense by four levels for being a leader or organizer. U.S. Sentencing Guidelines Manual § 3B1.1(a) (1998). We review for clear error. *United States v. Ayers*, 138 F.3d 360, 364 (8th Cir.), *cert. denied*, 525 U.S. 895, 119 S.Ct. 219, 142

- 13 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> L.Ed.2d 180 (1998). All five defendants were part of a criminal activity involving interstate transportation for prostitution. With regard to whether Johnny Lee was a leader, the fact that the prostitutes involved were victims and not participants does not lessen the depth of his involvement or the authority that he exercised. The evidence indicates his participation in the meeting concerning Julia Wilson's statement to the police. Tonya May testified that he recruited her to work for LeVorn. He provided money, along with LeVorn and Monroe, to fund his mother's purchase of a house. Moreover, Cheryl Buchheit testified that Johnny Lee hired a driver to take her on prostitution calls, thereby satisfying the requirement that he be "the organizer, leader, manager, or supervisor of one or more other participants." U.S. Sentencing Guidelines Manual § 3B1.1, cmt. n. 2 (1998). The District Court did not commit clear error in finding that he was a leader.

United States v. Evans, 272 F.3d at 1097. Thus, the Eighth Circuit found the evidence showed that Movant recruited a woman to work as a prostitute for a co-Defendant, hired a driver to transport a woman on prostitution calls, and participated in a meeting concerning Julia Wilson's statement to the police implicating Movant and the other Defendants. Taken together, these facts suffice to support the imposition of an enhancement for Movant's role as a leader or organizer. Movant thus fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error, and so Ground 3(1) of his § 2255 motion must be denied.

### 2. Consecutive Sentences

In his second claim of ineffective assistance of counsel due to sentencing error, Movant alleges as follows:

> 53. Similarly, trial counsel failed to object to the imposition of consecutive sentences for the conspiracy alleged in Count 1. Although U.S.S.G. § 5G1.2(d) provides for consecutive sentences to achieve the total punishment in the event the count with the highest statutory maximum is less than the total punishment, a consecutive sentence for Count 1 to the money laundering counts should have not been imposed since money laundering in this case affects the same societal harm as Count 1. Furthermore, the current money laundering guidelines specifically provide that the money laundering sentence should be proportionate to the underlying offense.

(§ 2255 Motion, ¶ 53).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Upon consideration, the Court finds that, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. Section 5G1.2(d) provides as follows:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

Pursuant to this section, the Court was required to run the sentences consecutively, in order to achieve the intent of the guidelines. Movant's trial counsel's objection, had he lodged one, would therefore necessarily have been overruled, and so Movant fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error. Strickland, 466 U.S. at 694. Ground 3(2) is denied.

### 3. Application of U.S.S.G. § 2G1.1(d)(1)

In his third claim of ineffective assistance of counsel due to sentencing error, Movant alleges as follows:

> 57. Finally, trial counsel failed to object to the probation officer's application of § 2G1.1(d)(1) in regards to the alleged victims in connection with Count 1. [Movant] was charged and convicted of only conspiring to violate the Mann Act. Because no substantive counts as to these victims had been charged, no basis existed to calculate an offense level for each victim, nor add offense enhancements for each of these calculations. No evidence was presented that [Movant] had conspired with any other defendants in connection with these specific individuals (other than, perhaps, Tiffany Olsen).

(§ 2255 Motion, ¶ 57).

Upon consideration, the Court finds that, even assuming counsel's performance to be deficient, Movant here fails to demonstrate the requisite prejudice. Section 2G1.1(d)(1) provides as follows:

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> If the offense involved more than one victim, Chapter Three, Part D (Multiple Counts) shall be applied as if the promoting of prostitution or prohibited sexual conduct in respect to each victim had been contained in a separate count of conviction.

Pursuant to this section, the Court was required to treat each of the four victims separately. See United States v. Curtis, 234 F.3d 1270 (6th Cir. 2000) (table, text in Westlaw). Movant's trial counsel's objection, had he lodged one, would therefore necessarily have been overruled, and so Movant fails to demonstrate the results of his proceeding would have been different absent counsel's alleged error. Strickland, 466 U.S. at 694. Ground 3(3) is denied.

**II.     Constitutionally Defective Sentence**

In Ground 4 of his § 2255 Motion, Movant alleges that his sentence was constitutionally defective, as, "[t]he sentence imposed by the district court so exceeded the maximum penalty for any one of the counts for which [Movant] was convicted that the sentence violated both the Eighth Amendment and the Fifth Amendment due process clause." (§ 2255 Motion, ¶ 62). As noted above, U.S.S.G. § 5G1.2(d) required the Court to run the sentences on the various counts consecutively. Ground 4 is denied.

**III.    Constitutionally Defective Conviction**

In Ground 5 of his § 2255 Motion, Movant alleges that his conviction was constitutionally defective, as, "[Movant's] conviction violated the Fifth Amendment requirement of due process as defined by *Apprendi v. New Jersey*, 530 U.S. 466 and its progeny because the indictment did not allege an essential element of the offenses which served as the predicate for Count 1 for which [Movant] was convicted by the jury." (§ 2255 Motion, ¶ 64). Upon consideration, the Court notes

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

that Apprendi claims may not be raised for the first time on collateral review. White v. United States, 308 F.3d 927, 930 (8th Cir. 2002). Ground 5 is denied.[6]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 13th day of June, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[6] In his pro se Traverse, filed December 6, 2004, Movant asserts an argument pursuant to Blakely v. Washington, 124 S.Ct. 2531 (2004), that any factor that increased his sentence beyond the statutory maximum was required to be submitted to a jury and proved beyond a reasonable doubt. (Doc. No. 13, P. 5). Upon consideration, the Court will deny Movant's claim, as Blakely may not be applied retroactively. See United States v. Moss, 252 F.3d 993 (8th Cir. 2001) (holding that Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), was not of watershed magnitude, and that the holding of Teague v. Lane, 489 U.S. 288 (1989), barred the retroactive application of an Apprendi claim on collateral review); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005) (applying similar reasoning to deny the retroactive application of Blakely); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005) (same); McReynolds v. United States, 397 F.3d 479, 480 (7th Cir. 2005) (same); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (same); In re Anderson, 396 F.3d 1336, 1340-41 (11th Cir. 2005) (same).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com